**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SHENZHEN SHI NAI TONG DE INVESTMENT CO. LTD. dba SNTD, <br><br> *Plaintiff*, <br><br> v. <br><br> SIMPLEHUMAN LLC, <br><br> *Defendant*. | Civil Action No. 3:25-cv- 3:25-cv-928 <br><br> JURY DEMAND |

## ORIGINAL COMPLAINT

Plaintiff Shenzhen Shi Nai Tong De Investment Co. Ltd. dba SNTD ("Plaintiff") files this declaratory judgment action of patent non-infringement of certain dish drying racks as defined herein ("Accused Products") and patent invalidity against United States Patent No. 8,631,948 ("Patent").

## INTRODUCTION

1.      Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2.      The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their

- 1 -

devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.     Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4.     In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5.     It is against this backdrop that Defendant Simplehuman LLC ("Defendant") reported to Amazon meritless "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent, and resulting in the delisting of the Accused Products.

## NATURE OF THE ACTION

6.     This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

## PARTIES

7.     Plaintiff Shenzhen Shi Nai Tong De Investment Co. Ltd. dba SNTD (Seller ID: A2CBJMN1G0IZO3) is a type of foreign legal entity organized under the laws of the People's Republic of China.

8.     Upon information and belief, Defendant Simplehuman LLC is a limited liability company organized under the laws of California with a principal place of business at 19850 Magellan Drive, Torrance, California 90502.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10.     Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

12.     Plaintiff is an e-commerce company selling various kitchen storage products on the Amazon marketplace.

13.     The Accused Products at issue are the dish drying racks identified by ASIN Nos. B0CD3TQHWZ,     B0CD3V8B1M,     B0DDPSR67V,     B0CD3TTZR3,     B0D14FG1PW,

- 3 -

B0DDPMY52B, B0D95DWDY1, and B0CF89HNQ5. Each ASIN sells Accused Products that are functionally equivalent.

14.     The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for dish drying racks, Plaintiff needs its products listed in the Amazon marketplace.

15.     Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiff. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 8,631,948

16.     Defendant is the named assignee of record of the Patent, attached as Exhibit A.

17.     The Patent is entitled "DISH RACK WITH ADJUSTABLE SPOUT & REMOVABLE DRIP TRAY" and generally discloses: "A dish rack has a wireframe, a drip tray having a base and a dish-receiving region provided on the base, and a drain channel that is removably coupled to the bottom of the base at the location of the dish-receiving region." *Id.*

18.     The Patent was filed on December 13, 2011 and was issued on January 21, 2014. *Id.* Based on this filing date, it is believed that the Patent is subject to the pre-AIA patent laws.

19.     The Patent claims priority to application no. 11/601,441, filed on November 17, 2006, nor Patent No. 8,074,813. *Id.*

20.     The Patent comprises fourteen (14) claims all directed to a dish rack. *Id.*

**DEFENDANT**

21.    Defendant designs purported high-performance tools, such as dish racks, trash cans, sensor pumps, and similar kitchen and bath products.

22.    On or around March 29, 2025, Defendant lodged meritless Amazon Infringement Complaint (Complaint ID: 17496162721) ("Complaint") against Plaintiff and the Accused Products. *See* Exhibit B.

23.    Therein, Defendant identified the Patent as the intellectual property asserted.

24.    Defendant further identified Simplehuman as the rights holder and provided its email as < fritz.schweitzer@farberllc.com >.

25.    Amazon responded to the Complaints by quickly removing or delisting the Accused Products.

**PRIOR ART**

26.    The Pearl Metal H-6624 Anywhere Clean Draining Tray and Basket Set ("Pearl Metal Reference") was first published on Amazon on December 14, 2005, which is eleven months before the Patent's earliest claimed effective filing date of November 17, 2006. *See* Exhibit C.

27.    The Pearl Metal Reference is attributable to Pearl Metal Co. Ltd. dba Pearl Life of Niigata, Japan. *Id.*

28.    Pearl Metal Co. Ltd. develops products tailored to consumer needs, focusing on housewares for use in the kitchen and living room.

29.    The Pearl Metal Reference discloses a dish rack with an adjustable spout. *Id.*

30.    The Pearl Metal Reference discloses wherein water collected in the tray can be drained directly into the sink. *Id.*

31.    The Pearl Metal Reference further discloses an extendable drain nozzle on the back of the tray that can move left and right, allowing the user to place it vertically or horizontally. *Id.*

32.    The Pearl Metal Reference is prior art at least under 35 U.S.C. § 102(a) (pre-AIA), as the Pearl Metal Reference is a printed publication.

## CLAIM I: DECLARATORY JUDGMENT OF INVALIDITY

33.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

34.    An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant as to the validity of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

35.    Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the claims of the Patent are invalid for failure to meet the statutory requirements of patentability, such as pre-AIA 35 U.S.C. §§ 101-103, 112.

36.    For example, exemplary claim 1 is anticipated by the Pearl Metal Reference. As shown in the chart below, each and every element of exemplary claim 1 is either explicitly taught or disclosed by the Pearl Metal Reference.

| *Claim 1* | *Pearl Metal Reference* |
|---|---|
| [Preamble] A dish rack, comprising: | The Pearl Metal Reference discloses a dish rack.  |

| | |
|---|---|
| a body defining an interior having a structure for supporting dishes, the body having a bottom; | The Pearl Metal Reference discloses a body with an interior structure for supporting dishes and a bottom.<br><br> |
| a leg supporting each corner of the body, providing a space below the bottom above a supporting surface on which the leg rests; and | The Pearl Metal Reference discloses a leg supporting each corner and providing space above a supporting surface.<br><br> |
| a spout rotatably connected to an outlet of the bottom, in the space below the bottom, wherein the outlet is located away from edges of the bottom, | The Pearl Metal Reference discloses a spout rotatably connected to an outlet of the bottom of the body. In the Pearl Metal Reference the outlet is located away from the edges of the bottom. |

| | |
|---|---|
| |  |
| wherein the bottom is configured such that water drained on the bottom is directed in a direction away from the edges towards the outlet to drain via the spout, | In the Pearl Metal Reference the bottom is configured to drain water away from the edges towards the outlet via the spout. Water collected in the tray can be drained directly into the sink.  |
| wherein the spout is positionable between a first position in which the spout extends between a first pair of legs at a first side of the body and a second position in which the spout extends between a second pair of legs at a second side of the body orthogonal to the first side of the body, | In the Pearl Metal Reference the spout is positionable between a first position and a second position wherein the spout extends between two pairs of legs. The first position and the second position are shown below. |

| | |
|---|---|
| |  |
| wherein the spout extends beyond the edges of the bottom at the first position and the second position, | In the Pearl Metal Reference the spout extends beyond the edges of the bottom of the body at both the first position and second position.<br><br> |
| and wherein the spout comprises an open channel structure wherein sections along its longitudinal axis are open. | In the Pearl Metal Reference the spout is an open channel structure. |



37.    As shown in the above claim chart, exemplary claim 1 is fully anticipated by the Pearl Metal Reference.

38.    Plaintiff therefore requests a judicial declaration that the claims of the Patent are invalid.

## CLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

39.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

40.    An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

41.    Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the Patent.

42.    For example, because exemplary claim 1 is invalid in view of the Pearl Metal Reference, there can be infringement of an invalid claim.

43.     Plaintiff therefore requests a judicial declaration that the Accused Products do not infringe any claims of the Patent.

## JURY DEMAND

44.     Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter the following in favor of Plaintiff:

A.   Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent, and to refrain from lodging any further infringement complaints regarding the same;

B.   A finding and declaratory judgment that the Accused Products do not infringe any claims of the Patent;

C.   A finding and declaratory judgment that the claims of the Patent are invalid;

D.   A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E.   Such further and additional relief as the Court deems just and proper.

Dated: April 11, 2025                              Respectfully submitted,

                                                   */s/ Nicholas Najera*
                                                   Timothy Wang
                                                   Texas Bar No.: 24067927
                                                   Nicholas Najera
                                                   Texas Bar No.: 24127049

                                                   Ni, Wang & Massand, PLLC
                                                   8140 Walnut Hill Lane, Suite 615
                                                   Dallas, TX 75231
                                                   972-325-2220
                                                   twang@nilawfirm.com
                                                   nnajera@nilawfirm.com

                                                   *Counsel for Plaintiff*